IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT C. STOKLEY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION 05-0305-WS-L** |
| ) | |
| **AMERICAN MEDICAL SECURITY,** ) | |
| **INC.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on plaintiff Albert C. Stokley, Jr.'s Motion to Remand (doc. 12). On May 23, 2005, defendants American Medical Security, Inc. and United Wisconsin Life Insurance Company removed this action from the Circuit Court of Choctaw County, Alabama, to this District Court pursuant to 28 U.S.C. § 1441. According to the removing defendants, federal subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. In their Notice of Removal (doc. 1), the removing defendants acknowledged that defendant AmSouth Bank is not of diverse citizenship from plaintiff; however, the removing defendants asserted that AmSouth's citizenship could be disregarded for jurisdictional purposes because it had been fraudulently joined for the purpose of frustrating federal jurisdiction.

In his Motion to Remand and accompanying brief and evidentiary materials, plaintiff has set forth in persuasive detail the factual and legal grounds for his contention that AmSouth was not fraudulently joined in this action, and that AmSouth's undisputedly non-diverse citizenship is therefore fatal to the removing defendants' ability to invoke federal diversity jurisdiction pursuant to § 1332. Upon review of plaintiff's Motion to Remand and the extensive legal arguments and evidentiary submission accompanying it, the removing defendants have advised the Court that they "consent to the entry of an Order remanding this matter to the Circuit Court of Choctaw County, Alabama." (Doc.

19.)  The removing defendants' decision to abandon their ill-fated fraudulent joinder argument and concede defeat on the removal issue in the face of the apparently insuperable jurisdictional obstacles identified in the Motion to Remand is both prudent and commendable.

Inasmuch as it appears that federal subject matter jurisdiction over this action is lacking and the removing defendants have consented to the relief sought by the Motion to Remand, the Court finds that the Motion to Remand is due to be, and the same hereby is, **granted**.  This action is hereby **remanded** to the Circuit Court of Choctaw County, Alabama for further proceedings.

DONE and ORDERED this 5th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
